DANIEL G. BOGDEN
United States Attorney
District of Nevada

PATRICK A. ROSE
Assistant United States Attorney
Nevada State Bar No. 5109
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
patrick.rose@usdoj.gov

JOHN ANDREW SINGER
Office of the General Counsel - Litigation Section
Federal Trade Commission
600 Pennyslvania Avenue, NW
Washington, DC 20580
Telephone: (202) 3326-3234
Facsimile: (202) 326-2477
jsinger@ftc.gov

Attorneys for the Federal Trade Commission

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SHANNON NEISWONGER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL TRADE COMMISSION; and<br>ROBB EVANS, Receiver of the Asset<br>Protection Group, Inc.;<br>DOES I through X, and<br>ROE CORPORATIONS XI through XX,<br>inclusive,<br><br>　　　　　Defendants. | Case No. 2:09-cv-02271-RCJ-PAL<br><br>**DEFENDANT FEDERAL TRADE COMMISSION'S ANSWER TO AMENDED COMPLAINT** |

Defendant Federal Trade Commission ("Commission") answers the Amended Complaint of Plaintiff Shannon Neiswonger as follows:

**PREFATORY STATEMENT**

The Commission was never served with Plaintiff's original complaint. The Commission received service of the Amended Complaint and the Summons through United States Attorney for the District of Nevada on November 10, 2009, and was directly served on November 16, 2009. This action was removed by the Commission, as a matter of right under 28 U.S.C. § 1442(a)(1), on November 30, 2009, from District Court of Clark County, Nevada, within 30 days of when the Commission first received service of the Summons and Amended Complaint.

**ANSWER**

1. Admitted.

2. The Commission admits that it is an independent agency of the United States federal government and that it has commenced law enforcement actions within its statutory authority within the District of Nevada. The Commission denies that it has engaged in any efforts to cause damage to Plaintiff Shannon Neiswonger's real and personal property interests in Nevada.

3. Admitted with the clarification that the court is the United States District Court for the Eastern District of Missouri (the "Missouri court").

4. Admitted that Asset Protection Group, Inc. is a Nevada corporation. The Commission generally denies that there was no relationship between Shannon Neiswonger and Asset Protection Group but is without sufficient knowledge or information to form a belief as to the specific nature of this relationship and, therefore, all averments concerning the lack of any relationship between Shannon Neiswonger and Asset Protection Group, are denied.

5. This paragraph contains conclusions of law to which no response is required but which the Commission nonetheless denies.

6. The Commission admits that it commenced a law enforcement action on November 16, 1996, against Shannon Neiswonger's husband, Richard Neiswonger, before the Missouri court styled, *FTC v. Richard C. Neiswonger*, No. 4:96-2225-SNL (the "Law Enforcement Action"), and that a Receiver, co-defendant Robb Evans, was appointed with regard to the two contempt proceedings against Richard Neiswonger arising out of the original Law Enforcement Action. The Commission denies that the action is dormant. The Commission denies that Shannon and Richard Neiswonger were married long after any of the Commission's legal proceedings began since they were married on February 14, 1997, less than three months after the commencement of the Law Enforcement Action.

7. The Commission admits that on or about July 30, 2008, it obtained a monetary judgment against Richard Neiswonger in the initial contempt proceeding arising from the Law Enforcement Action. The averment that the Commission obtained the judgment "in concert" with the Receiver is a conclusion of law to which no response is required but which the Commission nonetheless denies.

8. The Commission admits that the Missouri court granted its first contempt petition and on April 23, 2007, held Richard Neiswonger in contempt. *See FTC v. Richard C. Neiswonger*, 494 F. Supp. 2d 1067 (E.D. Mo. 2007). Subsequently, on July 30, 2008, the Missouri court entered a monetary judgment against Richard Neiswonger, requiring him to turn over to the Commission or the Receiver the title to a residence located at 9509 Verlaine Court, Las Vegas, Nevada (the "Residence"), owned or controlled by Richard and Shannon Neiswonger. The Commission denies that obtaining this order was "egregious." The averment that the Commission obtained the contempt order "in concert" with the Receiver is a conclusion of law to which no response is required but which the Commission nonetheless denies.

3

9. The Commission is without sufficient knowledge or information to form a belief as to the details of marriage between Shannon Neiswonger and Richard Neiswonger and, therefore, all averments concerning this relationship are denied.

10. The Commission is without sufficient knowledge or information to form a belief as to the real estate ownership and investments by Shannon Neiswonger (other than the Residence) and, therefore, all averments concerning such real property and investments are denied.

11. The Commission is without sufficient knowledge or information to form a belief as to any pre-nuptial or pre-marital agreements between Shannon Neiswonger and Richard Neiswonger and, therefore, all averments concerning such agreements are denied.

12. The Commission admits that Richard Neiswonger had some involvement in "marketing," albeit with the marketing of deceptive, illegal business opportunities. The Commission denies that Shannon Neiswonger's work history was limited to being a stay-at-home mom and "dabbling" in residential real estate related activities.

13. The Commission admits that Shannon Neiswonger is not a named party in the contempt proceedings against Richard Neiswonger. The Commission denies that Mrs. Neiswonger has no involvement in the Law Enforcement Action, including the related contempt proceedings. The Commission further denies that its contempt proceedings or the orders issued by the Missouri court in the Law Enforcement Action are "wholly and completely without due process of law" or that its conduct in pursuing these contempt proceedings are "egregious" or "usurp, inveigle or convert" any property of Mrs. Neiswonger.

14. The Commission denies that its contempt proceedings against Richard Neiswonger are in any way improper or the orders issued by the Missouri court in the Law Enforcement Action are

"without notice or other due process of law" or that these proceedings run "roughshod" over any of Mrs. Neiswonger's rights.

15. The Commission admits that the September 15, 2009, contempt order of the Missouri court holding Richard Neiswonger in contempt for a second time is on appeal to the Eighth Circuit. The Commission denies that the Missouri court's April 23, 2007, contempt order and the subsequent July 30, 2008, monetary judgment against Richard Neiswonger are on appeal. To the contrary, they were affirmed by the Eighth Circuit on September 9, 2009, at *FTC v. Richard C. Neiswonger*, 580 F.3d 769 (8th Cir. 2009). Since no stay of the September 15, 2009, order was sought or granted, the Commission denies that its conduct of exercising its rights created by these various contempt orders is "egregious."

16. This averment states a conclusion of law to which no response is required but which the Commission, nonetheless, denies.

17. This averment states a conclusion of law to which no response is required.

18. This averment states conclusions of law to which no response is required. The Commission, however, denies that certain property in which Shannon Neiswonger may have an interest, specifically the Residence, is exempt from execution to satisfy the money judgment entered against Richard Neiswonger by Missouri court in the Law Enforcement Action. To the contrary, the Missouri court has specifically held that the Residence is available to satisfy this judgment and has ordered that the title to the Residence be conveyed to the Commission or the Receiver as partial satisfaction.

19. The Commission denies that Shannon Neiswonger's "skill, expertise and acumen" or "real estate development activity" has led to a substantial increase in the value of any assets.

20. The Commission admits that there is an entity known as the SRN Trust. The Commission is without sufficient knowledge or information to form a belief as to precisely when the SRN Trust was created, the reasoning behind the creation of the SRN Trust, or whether John Dawson is "one of the most prominent lawyers in town" and, therefore, all averments about the SRN Trust and Mr. Dawson's prominence are denied.

21. The Commission admits that there is an entity known as the Rishne Limited Partnership. The Commission is without sufficient knowledge or information to form a belief as to precisely when the Rishne Limited Partnership was created and the reasoning behind the creation of the Rishne Limited Partnership and, therefore, all averments about the Rishne Limited Partnership are denied.

22. Denied as stated. The Commission admits that on or about May 25, 2005, a deed, dated November 1, 2001, transferring title to the Residence to Richard and Shannon Neiswonger, trustees of the SRN Trust, was recorded. The Commission further admits that Mrs. Neiswonger lives in the Residence.

23. The Commission generally denies the averments of this paragraph. The Commission further specifically denies that it or the Receiver "are seeking to usurp, forfeit and convert [the Residence] in derogation of Shannon's substantial interest therein." To the contrary, all actions by the Commission and the Receiver are pursuant to the authority of orders issued by the Missouri court in the Law Enforcement Action.

24. The Commission is without sufficient knowledge or information to form a belief as to whether Shannon Neiswonger is the sole trustee of the SRN Trust and, therefore, this averment is denied.

25. The Commission generally denies the averments of this paragraph. The Commission further states that it is without sufficient knowledge or information to form a belief as to Shannon

Neiswonger's ownership interest, if any, in the Rishne Limited Partnership and, therefore, the averments concerning ownership interests in the Rishne Limited Partnership are denied.

26. This averment states a conclusion of law to which no response is required but which the Commission, nonetheless, denies.

27. The Commission admits that Shannon Neiswonger resides in the Residence but denies the remainder of the averments in this paragraph.

28. The Commission is without sufficient knowledge or information to form a belief as to when Shannon Neiswonger "first became aware of the gravity" of the Law Enforcement Action before the Missouri Court and, therefore, the averments in this paragraph are denied.

29. The Commission is without sufficient knowledge or information to form a belief as to whether the "tone, tenor and scope of the questioning" by the Commission or Receiver caused her to worry "about the sanctity and preservation of her home" and, therefore, these averments are denied.

30. The Commission admits that Richard Neiswonger, pursuant to a May 7, 2009, stipulation in the Law Enforcement Action, has paid some monies to the Commission in partial satisfaction of the July 30, 2008, money judgment entered against him by the Missouri court in the Law Enforcement Action. The Commission denies the remainder of the averments in this paragraph.

31. The Commission admits that Richard Neiswonger, pursuant to a May 7, 2009, stipulation in the Law Enforcement Action, has paid some monies to the Commission in partial satisfaction of the July 30, 2008, money judgment entered against him by the Missouri court in the Law Enforcement Action. The Commission denies the remainder of the averments in this paragraph.

32. The Commission admits that Richard Neiswonger, pursuant to a May 7, 2009, stipulation in the Law Enforcement Action, has paid some monies to the Commission in partial

satisfaction of the money judgment entered against him by the Missouri court in the Law Enforcement Action. The Commission denies the remainder of the averments in this paragraph.

33. The Commission admits that on September 15, 2009, following discovery, extensive briefing and two hearings on the merits (on April 20 and September 14, 2009), the Missouri court granted the second contempt petition filed by the Commission and held Richard Neiswonger in contempt for a second time.

34. The Commission admits that Shannon Neiswonger did not appear at a September 14, 2009, hearing to determine whether husband was in contempt for failing to convey title to the Residence to the Commission or the Receiver. The Commission is without sufficient knowledge or information to form a belief as to what notice she had of this hearing and, therefore, the allegation that she had no notice of the hearing is denied. The Commission further states, however, that Mrs. Neiswonger was deposed for a full day in connection with the second contempt proceeding against her husband on June 10, 2009.

35. Denied. To the contrary, the Commission asserts that on May 1, 2007, at 1:20 p.m., Shannon Neiswonger was personally served with copies of the *Ex Parte* Temporary Restraining Order with Ancillary Equitable Relief, Memorandum Opinion, Civil Contempt Order, Second Permanent Injunction Modifying Permanent Injunction as to Defendant Richard Neiswonger, and April 30, 2007, Order of Missouri court from the contempt proceedings in the Law Enforcement Action.

36. Denied as stated. The Commission admits that Exhibit 3 to the amended complaint is a transcript of the September 14, 2009, hearing before the Missouri court. The Commission further states that the Missouri court considered information beyond the oral statements of counsel at this hearing in issuing its September 15, 2009, contempt order.

37. The Commission denies that Shannon Neiswonger had no opportunity to be heard at the September 14, 2009, hearing. To the contrary, the Commission avers that the Missouri court continued the original April 23, 2009, hearing date, in part, to provide Mrs. Neiswonger an opportunity to be heard prior to its ruling on the Commission's second contempt petition against Richard Neiswonger. Mrs. Neiswonger was subpoenaed and, on June 10, 2009, with her counsel present, provided a full day of deposition testimony as part of the discovery preceding the September 14, 2009, hearing. The Commission further denies that the Missouri court ran "roughshod over her and short circuit[ed her] Nevada Constitutional Homestead rights." To the contrary, the Commission avers that the Missouri court provided an opportunity for all interested parties (including Mrs. Neiswonger) to file memoranda and conducted a full hearing on the merits prior to issuing its September 15, 2009, order holding Richard Neiswonger in contempt for a second time.

38. Denied. To the contrary, the transcript of the September 14, 2009, hearing speaks for itself and contains none of the "suggestions" averred in this paragraph.

39. This averment states conclusions of law to which no response is required. The Commission further states that Shannon Neiswonger had the opportunity to be heard before the Missouri court prior to the entry of the September 15, 2009, contempt order and that Nevada law provides that in matters involving community property one spouse defending an action is sufficient to represent the interests of both spouses in that property.

40. This averment states conclusions of law to which no response is required but which the Commission, nonetheless, denies.

41. The Commission admits that, subsequent to the Missouri court's September 15, 2009, second contempt order against Richard Neiswonger, Shannon Neiswonger executed a deed transferring title to the Residence to the Receiver. The Commission specifically denies that it used "massive and

improper coercion" or "undue influence" with regard to Mrs. Neiswonger. The Commission is without sufficient knowledge or information to form a belief as to the mental state of Mrs. Neiswonger at the time she transferred title and, therefore, the averments that she felt she was "coerced" or "under extreme duress", acted "totally against her will", or executed the deed "under protest" when she transferred the title to the Residence to the Receiver are denied.

42. The Commission states that its actions with regard to obtaining title to the Residence were all authorized by the contempt orders issued by the Missouri court. The Commission denies that it improperly used "coercion" under "color of law" or "threats of dire consequences" to deprive Shannon Neiswonger of any interest she may have had in the Residence. The Commission is without sufficient knowledge or information to form a belief as to the mental state of Mrs. Neiswonger at the time she transferred title by signing the deed for the Residence and, therefore, the averment that she would never have signed the deed voluntarily is denied.

43. This averment states a conclusion of law to which no response is required but which the Commission, nonetheless, denies.

44. This averment states a conclusion of law to which no response is required but which the Commission, nonetheless, denies.

45. Denied as stated. The Commission admits that it, the Receiver, and Shannon Neiswonger have had settlement discussions but have not reached a settlement.

46. The Commission denies that any actions it has taken or is taking with regard to Shannon Neiswonger involve "malice, oppression [or] deprivation of property under of color of law" without recognition of her "due process and constitutional rights, or Nevada statutory exemption rights." The Commission also denies that it has threatened to incarcerate Mrs. Neiswonger if she does not vacate the Residence, "summarily" or otherwise. To the contrary, all actions taken by the Commission that may

affect Mrs. Neiswonger are pursuant to the authority of orders issued by the Missouri court in the Law Enforcement Action. Nor, after months of proceedings before the Missouri court, is Mrs. Neiswonger being forced to take any action "summarily."

      47.    The Commission incorporates by reference its responses to Paragraphs 1-46 of the complaint.

      48.    This averment states a conclusion of law to which no response is required. The Commission further states that to the extent Nevada law applies to the claims averred by Shannon Neiswonger, the applicable legal issues have been resolved by the Missouri court and the Eighth Circuit.

      49.    This averment states conclusions of law to which no response is required but which the Commission, nonetheless, denies. The Commission specifically denies that it has "inveigle[d] or convert[ed]" any of Shannon Neiswonger's rights. To the contrary, all actions taken by the Commission that may affect Mrs. Neiswonger are pursuant to the authority of orders issued by the Missouri court in the Law Enforcement Action.

      50.    This averment states conclusions of law to which no response is required but which the Commission, nonetheless, denies. The Commission further states that all actions it has taken that may affect Mrs. Neiswonger are pursuant to the authority of orders issued by the Missouri court in the Law Enforcement Action.

      51.    This averment states conclusions of law to which no response is required but which the Commission, nonetheless, denies. The Commission further specifically denies that it has acted with "egregious misconduct, totally without due process of law, in derogation of Shannon [Neiswonger]'s property and homestead rights." To the contrary, the Commission states that all actions it has taken

that may affect Mrs. Neiswonger are pursuant to the authority of orders issued by the Missouri court in the Law Enforcement Action.

52.     This averment states conclusions of law to which no response is required.  The Commission further states that "the respective rights, responsibilities and obligations" among the Commission, the Receiver and Shannon Neiswonger" with regard to the Residence already have been determined by the Missouri court and the Eighth Circuit.

53.     This averment states conclusions of law to which no response is required but which the Commission, nonetheless, denies. The Commission further specifically denies that it has engaged in any "misconduct."   To the contrary, the Commission states that all actions it has taken that may affect Mrs. Neiswonger are pursuant to the authority of orders issued by the Missouri court in the Law Enforcement Action.

54.     The Commission incorporates by reference its responses to Paragraphs 1-53 of the complaint.

55.     Denied as stated.  The Commission admits that it commenced the Law Enforcement Action in 1996 and settled this proceeding with Richard Neiswonger in 1997 through a stipulated permanent injunction.  The Commission monitored Richard Neiswonger's compliance with the terms of the injunction and, after having reason to believe he was in violation of the injunction's terms, in 2006 commenced contempt proceedings against Mr. Neiswonger's ongoing activities.

56.     While there was a defendant named William Reed involved in the Law Enforcement Action before the Missouri court, the Commission, after reasonable inquiry, is unaware of any claims by William Reed against  Richard Neiswonger and, therefore, the averments in this paragraph are denied.  If the averments in this paragraph were intended to refer to Robb Evans, the Receiver appointed by the Missouri court in the Law Enforcement Action and a defendant in this action, the

Commission states that the Receiver has done nothing more than properly pursue his legal rights as created and recognized by orders entered by the Missouri court.

57.     Denied as stated. The Commission admits that, in the Law Enforcement Action, the Missouri court and the Eighth Circuit have considered the limited and incomplete information submitted by Richard Neiswonger. This information is insufficient to permit the Commission to form a belief as to what interest, if any, that Shannon Neiswonger has in the Residence or in any property to which she asserts an interest and, therefore, the Commission denies that Mrs. Neiswonger has had any, much less "substantial", property interests affected by the contempt proceedings.

58.     Denied as stated. The Commission admits that all actions it has taken that may affect Mrs. Neiswonger are pursuant to the authority of orders issued by the Missouri court in the Law Enforcement Action. The Commission further states that it believes it is inappropriate to respond to Mrs. Neiswonger's characterization of the counsel representing the Commission before the Missouri court in the Law Enforcement Action beyond stating the Commission does not dispute that these attorneys are competent.

59.     This averment states a conclusion of law to which no response is required but which the Commission, nonetheless, denies. The Commission further states that, in the Law Enforcement Action, the Missouri court and the Eighth Circuit have determined the interests, if any, that Shannon Neiswonger has in the Residence or any other property in which Richard Neiswonger held or holds an interest.

60.     This averment states a conclusion of law to which no response is required but which the Commission, nonetheless, denies. The Commission specifically denies that it acted "in total derogation" of Shannon Neiswonger's rights. To the contrary, the Commission states that all actions it

has taken that may affect Mrs. Neiswonger are pursuant to the authority of orders issued by the Missouri court in the Law Enforcement Action.

61.   This averment states conclusions of law to which no response is required but which the Commission, nonetheless, denies.   The Commission specifically denies that it used "duress, coercion [or] undue influence" with regard to the Residence, "wrongfully converted" any interest of Shannon Neiswonger in any of Richard Neiswonger's "pension and profit sharing accounts", or acted "without notice, due process of law" or providing Mrs. Neiswonger an opportunity to assert or protect her rights. To the contrary, the Commission states Mrs. Neiswonger asserted her rights in her deposition.  The Commission further states it believes that Richard Neiswonger asserted he was representing his marital interests in the contempt proceedings before the Missouri court.  The Commission also states that all actions it has taken that may affect Mrs. Neiswonger are pursuant to the authority of orders issued by the Missouri court in the Law Enforcement Action.

62.   This averment states a conclusion of law to which no response is required but which the Commission, nonetheless, denies.

63.   This averment states conclusions of law to which no response is required but which the Commission, nonetheless, denies.

64.   This averment states conclusions of law to which no response is required but which the Commission, nonetheless, denies.

65.   This averment states a conclusion of law to which no response is required but which the Commission, nonetheless, denies.  The Commission specifically denies that it has interfered with Shannon Neiswonger's "quiet and peaceful enjoyment" of any property.  To the contrary, the Commission states that all actions it has taken that may affect Mrs. Neiswonger are pursuant to the authority of orders issued by the Missouri court in the Law Enforcement Action.

66. This averment states a conclusion of law to which no response is required but which the Commission, nonetheless, denies. The Commission specifically denies that it has willfully interfered with Shannon Neiswonger's "quiet and peaceful enjoyment" of any property. To the contrary, the Commission states that all actions it has taken that may affect Mrs. Neiswonger are pursuant to the authority of orders issued by the Missouri court in the Law Enforcement Action.

67. This averment states a conclusion of law to which no response is required but which the Commission, nonetheless, denies. The Commission further states that it is without sufficient knowledge or information to form a belief as to any "tax liabilities or penalties" paid or "losses" incurred regarding the Residence and, therefore, these averments are denied.

68. This averment states a conclusion of law to which no response is required but which the Commission, nonetheless, denies. The Commission specifically denies that it has "exercised wrongful dominion" over any property of Shannon Neiswonger. To the contrary, the Commission states that all actions it has taken that may affect Mrs. Neiswonger are pursuant to the authority of orders issued by the Missouri court in the Law Enforcement Action.

69. This averment states a conclusion of law to which no response is required but which the Commission, nonetheless, denies.

70. This averment states a conclusion of law to which no response is required but which the Commission, nonetheless, denies.

71. This averment states a conclusion of law to which no response is required but which the Commission, nonetheless, denies.

72. The Commission incorporates by reference its responses to Paragraphs 1-71 of the complaint.

73. This averment states a conclusion of law to which no response is required but which the Commission, nonetheless, denies. The Commission specifically denies that it engaged in any "improper, illegal [or] inequitable conduct." To the contrary, the Commission states that all actions it has taken that may affect Mrs. Neiswonger are pursuant to the authority of orders issued by the Missouri court in the Law Enforcement Action.

74. This averment states a conclusion of law to which no response is required but which the Commission, nonetheless, denies.

75. This averment states a conclusion of law to which no response is required but which the Commission, nonetheless, denies.

76. The Commission incorporates by reference its responses to Paragraphs 1-75 of the complaint.

77. This averment states a conclusion of law to which no response is required but which the Commission, nonetheless, denies.

78. This averment states a conclusion of law to which no response is required but which the Commission, nonetheless, denies.

79. This averment states a conclusion of law to which no response is required but which the Commission, nonetheless, denies.

80. The Commission incorporates by reference its responses to Paragraphs 1-79 of the complaint.

81. This averment states a conclusion of law to which no response is required but which the Commission, nonetheless, denies. The Commission specifically denies that it is "threatening to undertake [any] unlawful and improper conduct." To the contrary, the Commission states that all

actions it has taken that may affect Mrs. Neiswonger are pursuant to the authority of orders issued by the Missouri court in the Law Enforcement Action.

82. This averment states a conclusion of law to which no response is required but which the Commission, nonetheless, denies.

83. This averment states a conclusion of law to which no response is required but which the Commission, nonetheless, denies. The Commission further states that, in the Law Enforcement Action, the Missouri court and the Eighth Circuit have determined the interests, if any, that Shannon Neiswonger has in the Residence.

84. This averment states a conclusion of law to which no response is required but which the Commission, nonetheless, denies. The Commission further states that, in the Law Enforcement Action, the Missouri court and the Eighth Circuit have determined the interests, if any, that Shannon Neiswonger has in the Residence.

85. This averment states a conclusion of law to which no response is required but which the Commission, nonetheless, denies. The Commission further states that, in the Law Enforcement Action, the Missouri court and the Eighth Circuit have determined the interests, if any, that Shannon Neiswonger has in the Residence.

86. This averment states a conclusion of law to which no response is required but which the Commission, nonetheless, denies.

### FIRST AFFIRMATIVE DEFENSE

87. The Amended Complaint fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

88. The Amended Complaint's claims are barred by the doctrine of res judicata.

### THIRD AFFIRMATIVE DEFENSE

89. The Amended Complaint's claims are barred by the doctrine of collateral estoppel.

### FOURTH AFFIRMATIVE DEFENSE

90. The Amended Complaint's claims are barred by the doctrine of the law of the case.

### FIFTH AFFIRMATIVE DEFENSE

91. The Amended Complaint's claims are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

92. The Amended Complaint's claims are barred by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

93. The Amended Complaint's claims are barred by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

94. The Amended Complaint's claims are barred by the doctrine of fraudulent transfer of property.

WHEREFORE, the Commission respectfully requests that this Court:

A. Enter judgment in favor of the Commission and against the Plaintiff, Shannon Neiswonger;

B. Award costs and attorney's fees to the Commission;

C. Provide such other relief as it deems just and proper.


DATED: January 8, 2010

                Respectfully submitted,

                DANIEL G. BOGDEN
                United States Attorney

PATRICK A. ROSE
Assistant United States Attorney

_/s/ John Andrew Singer_
JOHN ANDREW SINGER
Federal Trade Commission

**PROOF OF SERVICE**

I, John Andrew Singer, certify that the following parties were served on the date and via the method indicated below with a copy of **DEFENDANT FEDERAL TRADE COMMISSION'S ANSWER TO AMENDED COMPLAINT**:

**Via the Electronic Case Filing System**

John W. Muije, Esq.
Muije & Varricchio
1320 S. Casino Center Blvd. - Suite 550
Las Vegas, NV 89104
*Attorney for Plaintiff*

Gary Owen Caris, Esq.
McKenna Long & Aldridge LLP
444 S. Flower Street
Los Angeles, CA  90071

Joseph G. Went, Esq.
Randolph L. Howard, Esq.
Kolesar & Leatham, Chtd.
3320 W. Sahara Avenue - Suite 380
Las Vegas, NV 89102
*Attorneys for Receiver*

DATED: January 8, 2010

                                        */s/ John Andrew Singer*
                                        JOHN ANDREW SINGER
                                        Federal Trade Commission