# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SHANNON NEISWONGER,

    Plaintiff,

vs.

FEDERAL TRADE COMMISSION et al.,

    Defendants.

Case No.: 2:09-cv-02271-GMN-PAL

**ORDER**

    In 1996, the FTC filed a civil action against Richard Neiswonger and eventually obtained a stipulated permanent injunction preventing Neiswonger from promoting and selling his get-rich-quick scheme.  In a related criminal proceeding, Neiswonger pled guilty to wire fraud and money laundering and was sentenced to 18 months in prison, plus restitution.  While in prison, the DOJ discovered over $1 million of unreported proceeds from his illegal activities, and he settled for $750,000.  Meanwhile, in 1997, Plaintiff Shannon Neiswonger married him.

    When Richard Neiswonger left prison, he started a company called Asset Protection Group, which he used to promote and sell get-rich-quick schemes in violation of the injunction.  The FTC filed a civil contempt action for violation of the injunction, and in 2007, Judge Limbaugh of the United States District Court for the Eastern District of Missouri held Richard Neiswonger in contempt.  In 2008, Judge Limbaugh entered judgment against Richard Neiswonger for over $3 million (the proceeds of Neiswonger's violations).  More relevant to the

present case, the judgment required Neiswonger to turn over title to his residence in Las Vegas if he failed to pay the judgment within ten days. Neiswonger was also required to turn over the assets in his individual retirement account to help satisfy the judgment. Neiswonger remained intransigent, and the FTC filed a second contempt action based on refusal to comply with the 2008 order. At a 2009 hearing, Richard Neiswonger argued that the residence belonged only to his wife, Plaintiff Shannon Neiswonger, and that he could not convey title because she was not a party to the Missouri action and she had state and federal property rights in the residence. Judge Limbaugh rejected that argument, and the Eighth Circuit affirmed in a published opinion. In the present Complaint, Plaintiff simply repeats arguments that the Eighth Circuit has already addressed in this case. Rather than analyzing Plaintiff's arguments anew, the Court will reproduce the Eighth Circuit's resolution of those issues at length:

> Neiswonger also asserts the district court's contempt order violates state and federal law, and is overly broad because the provision in the district court's contempt order which requires Neiswonger to turn over certain assets to the receiver in partial satisfaction of the judgment violates state and federal law. First, Neiswonger claims the district court cannot compel Neiswonger to turn over real property located in Las Vegas, Nevada, because Neiswonger's wife, who is not a party to the action, has a marital interest in the property. To support his argument, Neiswonger relies upon a case which interpreted New Jersey law. In *Antar*, the court considered whether, under New Jersey law, a husband's creditor could obtain partition or foreclosure of a marital home to satisfy the debts of the husband when the husband held the home in tenancy by the entirety with his wife. The court held, under the circumstances of that case, foreclosure and partition of the family home were inappropriate. However, *Antar* has no bearing on this case. The subject Neiswonger real property is located in Nevada. Nevada is a community property state, and under the law of Nevada, "community property is subject to a spouse's debt irrespective of whether both spouses were a party to the action."
>
> Neiswonger next argues the district court abused its discretion by ordering him to turn over the real property in Nevada because the property is owned by a trust that bears Neiswonger's wife's initials, Neiswonger no longer resides in the home, and Neiswonger's wife resides in the home with her son. Our review of the trust documents reveals Neiswonger is a trustor/grantor, trustee, and beneficiary of the named trust, and Neiswonger cites no authority to support his arguments that he cannot be compelled to turn over property owned by the trust.

> Finally, Neiswonger contends the portion of the amended contempt order requiring Neiswonger to turn over the assets in his A.G. Edwards individual retirement account (IRA) conflicts with state and federal law. Neiswonger claims he should not be required to comply with this provision of the contempt order because (1) the funds in his IRA are exempt from collection by creditors under Nevada law, and (2) he would be required to pay a penalty to the Internal Revenue Service in order to liquidate and transfer the funds in his IRA.
>
> Neiswonger relies upon *Dudley v. Anderson (In re Dudley),* 249 F.3d 1170, 1172 (9th Cir. 2001), wherein the Ninth Circuit considered whether, under California law, IRAs were exempt from creditors' claims in a bankruptcy estate. The Ninth Circuit recognized an IRA designed and used solely or principally for retirement purposes would be exempt under California law. Neiswonger, however, cites no authority to support his contention that the district court's authority to order him to turn over the assets in his IRA was limited by any Nevada state law exemptions. On the other hand, the FTC cites other authority demonstrating a district court is not constrained by state law exemptions in fashioning disgorgement orders. In this case, Neiswonger is not an innocent debtor covered by state debtor protection legislation. Neiswonger violated a permanent injunction and used a deceptive and misleading marketing scheme to sell business opportunity programs. Neiswonger has failed to demonstrate the district court abused or exceeded its discretion or clearly erred in imposing the amended civil contempt order.

*FTC v. Neiswonger*, 580 F.3d 769, 776–77 (8th Cir. 2009) (citations and footnotes omitted).

Shannon Neiswonger filed the present Complaint essentially challenging both Judge Limbaugh's and the Eighth Circuit's orders based on arguments concerning her property rights under Nevada law. FTC has moved to change venue to the Eastern District of Missouri pursuant to 28 U.S.C. § 1404(a). The Court will not transfer venue. Plaintiff may attempt to intervene in the Missouri action if she believes her arguments have merit and are not collaterally estopped, but this Court will not assist Plaintiff in circumventing the intervention rules and burden the Missouri court with a duplicative complaint that amounts to a motion to reconsider by a non-party who has failed for four years to intervene in that action.

Moreover, this Court has no appellate jurisdiction over the United States District Court for the Eastern District of Missouri or the United States Court of Appeals for the Eighth Circuit. Although she does not style the Complaint as an appeal, Plaintiff essentially asks this Court to

1  review those courts' final rulings on the merits.  Accordingly, the case is dismissed for lack of
2  subject matter jurisdiction.

### CONCLUSION

IT IS HEREBY ORDERED that the case is DISMISSED for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the Motion to Change Venue (ECF No. 8) is DENIED as moot.

DATED this 23rd day of July, 2010.

_____
Gloria M. Navarro
United States District Judge